# Richter *v.* Southern Building & Loan Association.

*Bill in Equity to have Mortgage cancelled and annulled.*

1. *Building and loan association; can not agree to mature stock within a designated time.*—A building and loan association incorporated under the general laws of the State, (Code, §§ 1122-1137), is not authorized to contract with a borrowing stockholder that his stock would mature in a given number of months, provided he paia for that period the monthly dues, interest and premiums on the loan; and a bill in equity, seeking to cancel the mortgage given to a building and loan association, upon the ground that there had been a breach of said contract, can not be maintained.

APPEAL from the Chancery Court of Cullman.
Heard before the Hon. WILLIAM H. SIMPSON.
The bill in this case was filed by the appellant against the appellee. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

F. E. St. JOHN, for appellant.

COOPER & FOSTER, *contra*, cited *Lake v. Security Asso.*, 72 Ala. 307; Endlich (2d Ed.) § 63 note; § 249; *Thornton & Blackledge B. & L. Asso.*, § 75; *Johnston v. Elizabeth B. & L. Asso.*, 104 Pa. 394; *Winget v. Quincy B. & L. Asso.*, 21 N. E. Rep. 12; *Eversham v. New Ohio Asso.*, 29 L. R. A. 184; *Wohlford v. Citizens Asso.*, 29 L. R. A. 177; *Laurel Run Asso. v. Sparring*, 106 Pa. 339; *Buist v. Fitzsimmons*, 21 S. E. Rep. 610; *Lime City Asso. v. Wagner*. 122 Ind. 78; *Fisher v. Patton*, 33 S. W. 451; *Peoples' Asso. v. Tinsley*, 31 S. E. Rep. 508.

TYSON, J.—Complainant by his bill in this cause seeks to have a certain mortgage executed by him to the respondent cancelled and annulled.

One of the grounds upon which this relief is predicated is that at the time he became the owner of thirty shares of stock in the respondent association, which is shown by the bill to be a building and loan association incorporated under the general laws of this State, it agreed with him that his stock would mature in seventy two months, provided he paid for that period of time twenty three dollars monthly and the interest and premium on the loan, which, it is averred, he has done. It is also alleged that upon the maturity of his stock, the loan made to him, which is secured by the mortgage, became liquidated and discharged.

A number of grounds of demurrer were interposed to this phase of the bill, one of which challenges the authority of respondent to enter into the contract alleged. The chancellor sustained the demurrer generally, without specifying any particular ground. This appeal is prosecuted from that decree.

Manifestly, if the assignment of demurrer designated above was well taken, the decree appealed from must be affirmed.

The statutes under which the association was incorporated do not authorize it to make such a contract.—Code, §§ 1122-1137. And without express statutory authority it is not permissible for the respondent to do so. To permit it to make such an agreement would allow it to defeat the general scheme for which it was incorporated, and to violate the principle of mutuality among its stockholders; for by the law of its creation, it is bound to treat all stockholders alike. It has no right by contract or otherwise to give to one of its members a greater share of profit than to another, or to relieve him preferentially from the full discharge of his obligation. 6 Cyclopedia of Law and Procedure, p. 127, and cases cited in note No. 54; Endlich on Building Asso., §§129-133.

Affirmed